UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ILVIS LOPEZ GONZALEZ,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE et al.,<br><br>Respondents. | Case No. 2:26-cv-03031-TMC<br><br>ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS |

## I. INTRODUCTION AND BACKGROUND

Petitioner Ilvis Lopez Gonzalez is a 25-year-old citizen of Venezuela. Dkt. 4 at 2. Petitioner entered the United States in December 2023, and immigration officials released him on his own recognizance pursuant to an "OREC" order. Dkt. 7 at 4; Dkt. 8-1 at 2. Petitioner states that since living here he has obtained permission to work from the government. Dkt. 4 at 8. Petitioner has also been arrested twice: (1) In October 2024, in New York City, for petit larceny and possession of stolen property, both misdemeanors; and (2) in May 2026, in Bozeman, Montana, for stalking and criminal mischief, also both misdemeanors. Dkt. 9 ¶¶ 8, 9. It is unclear whether either of these arrests has led to any convictions.

On May 13, 2026, Immigration and Customs Enforcement ("ICE") officers took Petitioner into custody directly from the Gallatin County (Montana) Jail, where he was being

held on the stalking and criminal mischief charges. Dkt. 9 ¶ 12, 13. On July 28, 2026, an Immigration Judge ("IJ") denied Petitioner's application for relief and ordered Petitioner removed to Venezuela. Petitioner filed an appeal with the Board of Immigration Appeals ("BIA") on August 25, 2026. *Id.* ¶ 15. The appeal remains pending. Petitioner has not requested that his initial detention be reviewed by an IJ. Dkt. 8-4 at 2.

On August 27, Petitioner filed this petition for a writ of habeas corpus. Dkt. 4. On September 10, Respondents filed a response. Dkt. 7. Petitioner filed his traverse, *see* Dkt. 10, on September 21 and the matter is ready for review. For reasons explained below, the Court concludes that the Due Process Clause of the Fifth Amendment requires some sort of hearing where Petitioner could challenge his re-detention on May 13, 2026. The Court also concludes, however, that due process can be provided with a prompt post-deprivation hearing that complies with the procedural guarantees of *Singh v. Holder*, 638 F.3d 1196, 1203–04 (9th Cir. 2011). Accordingly, the Court will GRANT in part and DENY in part the petition for a writ of habeas corpus.

## II. LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c)(3).

## III. DISCUSSION

Petitioner seeks "immediate release from immigration detention, and declaratory and injunctive relief." Dkt. 4 at 3. Specifically, Petitioner asks the Court to enjoin Respondents from re-detaining him in the future without "adequate notice and an opportunity to be heard." *Id.* at

12. Applying the test from *Mathews v. Eldridge*, 424 U.S. 319 (1976), Petitioner argues that his re-detention violates his Fifth Amendment right to procedural due process, as he was re-detained without notice or a hearing. *Id*. at 6–9.

Respondents counter with several arguments. First, they argue that notice and a hearing are unnecessary because "Petitioner was [originally] apprehended near the border shortly after his unlawful entry into the United States" and therefore Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). Dkt. 7 at 2–4. Second, they contend that Petitioner's re-detention does not violate his right to procedural due process because he was taken into custody from the Gallatin County Jail after ICE found "that Petitioner posed a risk to public safety, based on his recent criminal history." *Id*. at 8.

The Court finds that Respondents' first argument lacks merit but the second one has support in analogous cases from this district, including this Court. Dispensing with the first argument, as Respondents themselves point out, "courts in this district have previously treated noncitizens released on ORECs as detained under the discretionary authority of 8 U.S.C. § 1226(a) . . . . *See, e.g., Berelidze v. Noem*, No. 26-618-TL, 2026 WL 879249, at *3 (W.D. Wash. Mar. 31, 2026)." Dkt. 7 at 6. This Court has similarly decided that determining the basis for a petitioner's detention "requires analysis of the specific facts surrounding his previous interactions with immigration officials." *Caglar v. Wamsley*, Case 2:26-cv-00787-TMC, 2026 WL 1123515, at *2 (W.D. Wash. April 24, 2026) (citation modified). Petitioner was released on an OREC and during his approximately two and a half years at liberty, he obtained work authorization and applied for asylum. Dkt. 4 at 8. The government did not treat Petitioner as subject to mandatory detention until his most recent arrest. Respondents provide no reason to exclude Petitioner from the category of petitioners whose detention is subject to 8 U.S.C. § 1226(a).

Turning to the due process argument, the Court notes that numerous courts have concluded that where, as here, a noncitizen has lived in the community for years while pursuing an affirmative asylum claim, and the government has made no effort to detain him, he acquires an interest in his continued liberty that may typically only be extinguished through a pre-deprivation hearing. *See, e.g.*, *Habiebh v. Chestnut*, No. 1:26-cv-06103-NW, 2026 WL 2444863, at *3 (E.D. Cal. Aug. 19, 2026); *Huang v. Blanche*, No. 2:26-cv-02157-BAT, 2026 WL 2271901, at *1–2, 4–5 (W.D. Wash. July 15, 2026). This interest is even stronger when the government affirmatively decided that the noncitizen could remain in the community through issuing an OREC. However, there is also a subset of cases where a post-deprivation hearing provides sufficient procedural protection. "Where, as here, the government takes custody of a noncitizen for removal proceedings who was already detained by state officials based on an alleged public safety violation, that interest supports requiring only a prompt post-arrest hearing." *Caglar v. Wamsley*, 2026 WL 1123515, at *5; *see also*, *Quinonez Torres v. Hermosillo*, No. 26-76-TLF, 2026 WL 547591, at *8-9 (W.D. Wash. Feb. 23, 2026). The distinguishing factor is whether Petitioner's liberty interest was significantly diminished due to his arrest record or criminal proceedings. *Id.*

In *Caglar*, for example, "ICE decided to arrest Caglar and revoke his OREC only after he was detained by a state agency based on allegations of highway safety violations." *Caglar v. Wamsley,* 2026 WL 1123515, at *3. In *Quinonez Torres*, Petitioner was arrested by ICE as he drove away from a criminal proceeding in state court where he faced charges of assault and battery. *Quinonez Torres*, 2026 WL 547591, at *2. Similarly, ICE officers here took Petitioner into custody directly from the Gallatin County Jail, where he faced (still unresolved) charges of stalking and criminal mischief. Dkt. 9 ¶ 12, 13. Citing this line of cases, Respondents argue that Petitioner's criminal charges justified the lack of notice and hearing before the arrest. Dkt. 7 at 7.

The Court agrees. In *Caglar* and *Quinonez*, the Court found a due process violation but also determined that a prompt post-deprivation hearing—where the government had the burden of showing by clear and convincing evidence that petitioner was either a danger or flight risk—was a sufficient remedy. *See also*, *Martinez Hernandez v. Andrews*, No. 1:25-CV-01035 JLT HBK, 2025 WL 2495767, at *12 (E.D. Cal. Aug. 28, 2025) (ordering a post-deprivation bond hearing within 10 days of court order). The Court concludes that Petitioner has shown that Respondents violated his rights to procedural due process when they took him into custody without notice or an opportunity to be heard, but that the remedy is a post-deprivation hearing with the burden on the government. *See Singh v. Holder*, 638 F.3d 1196, 1203–04 (9th Cir. 2011). The Court therefore GRANTS in part and DENIES in part the petition for writ of habeas corpus.

## IV. CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 4) is GRANTED in part and DENIED in part.

2. Within 14 days of this Order, Respondents must either release Petitioner under the terms of his previous OREC or provide him a bond hearing before an Immigration Judge. At the hearing, Respondents will bear the burden of proving by clear and convincing evidence that petitioner is a flight risk or a danger to the community.

3. This order does not prevent an IJ from granting a continuance in Petitioner's bond proceedings at his request.

4. If released, Respondents must return to Petitioner any personal property, including any personal identification document (other than a passport) and any employment authorization document.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at the party's last known address.

Dated this 2nd day of October, 2026.

Tiffany M. Cartwright
United States District Judge